IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

Lidia M. Orrego

*(Write the full name of each plaintiff who is filing this complaint.  If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Steve Savitsky, Old Westbury LLC,
John Doe, Jane Doe

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. **CV   24   7247**

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☒ Yes  ☐ No
*(check one)*

**AZRACK, J.**

**SHIELDS, M.J.**

**RECEIVED**
DEC - 6 2024
**EDNY PRO SE OFFICE**

REC'D IN PRO SE OFFICE
NOV 27 '24 PM 4:14

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 27 2024  ★

LONG ISLAND OFFICE

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lidia M. Orrego |
| Street Address  City and County State and Zip Code Telephone Number E-mail Address | 95-08 Queens Blvd. 3E, Rego Park Queens, New York, 11374 (347) 453-2223 |
| | liorrego@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Steve Savitsky |
| Job or Title (if known) | Manager |
| Street Address | 2084 Century Park East Suite 1400 |
| City and County | Los Angeles |
| State and Zip Code | California, CA 90067 |
| Telephone Number | 310.315.6203 |
| E-mail Address (if known) | ssavitsky@savco.com |

2

Defendant No. 2

|  |  |
|---|---|
| Name | Old Westbury LLC |
| Job or Title | Unknown Entity under registration in NY State |
| (if known) | |
| Street Address | 2084 Century Park East Suite 1400 |
| City and County | Los Angeles |
| State and Zip Code | California, CA 90067 |
| Telephone Number | 310.315.6203 |
| E-mail Address (if known) | ssavitsky@savco.com |

Defendant No. 3

|  |  |
|---|---|
| Name | John Doe |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

|  |  |
|---|---|
| Name | Jane Doe |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

3

II.    **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☒ Federal question             ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    **If the Basis for Jurisdiction Is a Federal Question**
List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
<u>Violation Federal and General Business Laws include but are not limited to General Business Law §380-s identity theft, Fraud, Mail Fraud, Wire Fraud, Falsification Business Records Interstate, Illegal mail receptacle of mail Court's documents, Filing False Documents and business records, False Statements and Writings filed in a Court Proceedings. </u>

B.    **If the Basis for Jurisdiction Is Diversity of Citizenship**

    1.    The Plaintiff(s)

        a.    If the plaintiff is an individual
The plaintiff, *(name)* <u>Lidia M. Orrego</u>, is a citizen of the State of *(name)* <u>New York.</u>

        b.    If the plaintiff is a corporation
The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

4

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _Steve Savitsky_____, is a citizen of the State of *(name)* _California_ . *Or* is a citizen of *(foreign nation)* _____.

    b.    If the defendant is a corporation

        The defendant, *(name)*_Old Westbury LLC_ ___, is incorporated under the laws of the State of *(name)* _California_____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    <u>See IV. Relief</u>   + $ + 5,000.00 _____

    _____

    _____

    _____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. Next Page.

**Statement of Claim – Material Facts**

1) Lidia M. Orrego ("Plaintiff"), respectfully the present legal action against Steve Savitsky ("Savistky"), Old Westbury LLC ("unknown entity" "Ghost Corporation"), John Doe, Jane Doe (collectively "Defendants") for Violation of Federal and General Business Laws include but are not limited to General Business Law §380-s identity theft, Fraud, Mail and Wire Fraud, Falsification of Business Records Interstate, Illegal mail receptacle of Court documents, Filing False Documents and business records, False Statements and Writings filed in Court Proceedings from November 2018 to the present related with the Eastern District of New York ("EDNY") Docket 20cv3361 (JMA) (AYS)[1], Workers Compensation ("WCB") case No. G 2584330 and Appellate Division Third Department ("Third Department") NYSCEF Docket 535740.

2) The facts in this complaint include but are not limited to:

3) Plaintiff, the former nanny and housekeeper for Kevin Knipfing a/k/a Kevin James ("Knipfing"), Stephanieanna James-Knipfing a/k/a Steffiana de la Cruz ("James-Knipfing"), collectively ("The Knipfings") worked in their private house at 2 Spring Hill Ln, Old Westbury, NY 11568 from January 31, 2018, to November 27, 2024. See annexed Exhibit 1.

4) Plaintiff filed the complaint about discrimination, emotional and physical abuse, and child abuse, among others, to The Knipfings on November 2, 2018, via email. Plaintiff submitted via email the medical certificate signed by her primary care doctor, Vladimir Morgovsky MD, Star Medical Offices PC – Democleia P. Gottesman MD.

5) James-Knipfing, in her email dated November 2, 2018, confirmed that the "plaintiff's exhaustion" as an excuse for her injuries from long working hours.

6) November 6, 2018: As a result of the complaint, Knipfing, during the meeting with the Plaintiff, confirmed the "investigation" about her complaint of all the abuses and promised to call her after the investigation is close and discuss the findings to solve the complaint. Knipfing requested the Plaintiff all the evidence described in the email dated November 2, 2018. The email includes the house manager Skylar Testa ("Testa").

7) Between November 6, 2018, to November 26, 2018, Plaintiff participated actively and provided all the evidence, including but not limited to the diary, test messages, emails, pictures, videos, etc. All the evidence provided to the "investigator" as the Plaintiff described in the case EDNY Docket 20cv3361 (JMA) (AYS).

---

[1] Formerly EDNY Case 20cv3361-GRB-AKT, EDNY Docket 20cv3361 (GRB) (AYS)

8) Plaintiff was never instructed or received any written communication by The Knipfings to file any claim at WCB to treat her injuries under her Domestic Workers Policy and Coverage.

9) November 27, 2018, Defendants sent the "Letter Termination" via email and United Stated Postal Office services from Los Angeles, California, to Rego Park, New York, Plaintiff's legal address, and this the "Letter Termination" with fraudulent writing accusing the Plaintiff that she lied in her complaint dated November 2, 2018, submitted to the Knipfings. See annexed Exhibit 2.

10) On November 27, 2018, the Plaintiff was illegally terminated by mail and wire fraud from "Old Westbury LLC," a "ghost corporation" with a fraudulent letter signed by Savitsky, Knipfing's manager, who lives and works in California and whom the Appellant never met or heard of until the day she received the fraudulent document. The Appellant could not continue with any medical treatment for her injuries because she was terminated immediately without medical insurance; therefore, she decided out of desperation to look for a part-time job with light duties because her injuries could not fulfill her responsibilities at work with the Plaintiff.

11) Plaintiff was terminated in retaliation for filing a complaint and despite that, her co-worker, Rebeca Uzcategui, aka Rebeca Lugo ("Uzcategui"), confirmed the entire complaint during her interview on November 21, 2018. The Knipfings released the report during the discovery case EDNY Docket 20cv3361 (JMA) (AYS).

12) Defendants sent a fraudulent document with false employment information, including the name of the Plaintiff's employer.

13) Plaintiff never worked for "Old Westbury LLC" and never met Savitsky. Plaintiff was employed directly by Knipfings, and the payments were through their company, "Old Westbury EDDIE LLC." See annexed Exhibits 1, 2, and 3.

14) The Defendants' "Letter Termination" stated the termination of my health insurance benefits on November 30, 2018, and that the "Carrier" will contact the Plaintiff because she is eligible for Cobra Continuation Coverage.

15) The defendants' false writing from California was a FRAUD. Any carrier never contacted the Plaintiff, and when she called COBRA, they informed the Plaintiff that the entity does not exist in the database. It is against Federal Law to send fraudulent documentation via mail or wire communication.

16) Plaintiff was deprived of medical attention, suffering irreversible damages until today due to her work-related injuries, heavy-duty work, an average of 70-88 hours per week without rest, and physical and emotional abuse. Plaintiff performed long hours of heavy duties at 2 Spring Hill Ln, Old Westbury, NY 11568, 10,000 Sq. Ft., 6 Bedrooms, 8.5+ Baths.

17) The Plaintiff filed her complaint for discrimination, retaliation, and a hostile environment, among others, in July 2020, as seen in the case EDNY Docket 20cv3361 (JMA) (AYS).

18) September 3, 2019: After months without proper treatment, the Plaintiff was advised to file the claim at WCB. The claim was opened under the number WCB case G-2584330.

19) September 9, 2019, The Knipfings filed in the WCB case G2584330 the insurance coverage from New York Marine Insurance Company, Cipriani & Werner P.C., Marc Neuman FALSELY REPORTED as Plaintiff's employer, the company "Full Shimmee Inc." under difference coverage instead of a policy under "Kevin and Stephanieanna Knipfing under coverage for Domestic Workers Coverage and all the information of employment is false because respondents do not have coverage for domestic workers. See annexed Exhibit 6.

20) The Knipfings' Insurance Company and their counsel stated the Plaintiff's legal Address at 2084 Century Park East Suite 1400, Los Angeles, California, CA 90067; this is an illegal receptacle mail of Court documents since was directed to receive all the documents Savitsky this reason, the Plaintiff was unable to discover all the fraud at WCB case G2584330 no until mid-2022.

21) The Plaintiff's counsel of the WCB case G2584330 lied to her for almost two years because they are clients from The Knipfings and Defendants' counsel see case related August 31, 2023, EDNY case 23cv6507-JMA-AYS Caption Lidia M. Orrego v. Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Pasternack Tilker Weitz & Luxenberg LLP.

22) At the same time when the fraud at WCB case G2584330 was ongoing, on December 2020, in the case EDNY Docket 20cv3361 (JMA) (AYS), Savitsky filed in the Court a false writing about a "Letter Offer" that shows gross false statements about facts and shows different employer "Old Westbury EDDIE LLC" instead the "ghost Corporation" and employment information. The "Letter Offer" was created to deceive the Court. See annexed Exhibit 5.

23) In March 2020, Savitsky made a false statement to the Workers Compensation Board about her employment, and the transcripts will be exchanged at the discovery stage.

24) Plaintiffs reserve all rights to amend this complaint since the fraud is ongoing until today.

**IV.      Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at present. Include the amounts of actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**Plaintiff prays judgment against the Defendants:**

**a.** Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits he would have expected to earn during her entire lifetime had it not been for Defendant's fraudulent activity in Plaintiff's Workers Compensation case G-2584330, currently pending in the Appellate Division Third Department;

**b.** Awarding general damages to the Plaintiff to make her whole for any losses suffered as a result of such unlawful criminal practices in Plaintiff's Workers Compensation case G-2584330, pending in the Appellate Division Third Department Docket 535740;

**c.** Awarding Plaintiff compensatory damages for mental and emotional distress, pain, and suffering as well as injury to her reputation in an amount to be proven at trial;

**d.** Awarding Plaintiff punitive damages;

**e.** Awarding Plaintiff attorneys' fees and costs and expenses incurred in the prosecution of the action;

**f.** Awarding all relief, remedies, and damages available to Plaintiff under the law for deprivation of medical attention, and civil rights; and

**g.** Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy the Defendants' unlawful or criminal practices.

**V.      Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: <u>November 27, 2024</u>

Signature of Plaintiff        _____

Printed Name of Plaintiff    <u>Lidia M. Orrego</u>_____

# EXHIBIT 1

Two-Page NDA  :  Document attached email
dated Nov 01, 2018  from Skylar Testa

## SERVICE PROVIDER CONFIDENTIALITY AGREEMENT

This Agreement is created and entered into effective as of _Lidia M. Osorio_
2018 between Kevin Knipfing (a/k/a Kevin James) and Stephanieanna James-Knipfing (a/k/a
Steffiana de la Cruz) (collectively the "Employer"), on the one hand, and
_____ ("Employee"), on the other hand (sometimes referred collectively
referred to as the "Parties").

### 1.    CONDITION OF RENDERING SERVICES

As a condition of and in consideration for Employee's employment with, and for good
and valuable consideration and benefits, the receipt of which is hereby acknowledged, Employee
agrees to the terms of this Confidentiality Agreement ("Agreement") and to strictly comply with
each of its terms and conditions.

### 2.    CONFIDENTIAL INFORMATION

#### A.    DEFINED TERM

Employee acknowledges and agrees that in connection with Employee's rendering
services for the Employer, Employee may obtain, overhear or otherwise become aware of
information and/or documents constituting or concerning

(i)    business and/or personal information about the Employer, family members
of the Employer, the Employer's past and present friends and associates, and the past and present
representatives and employees of the Employer and any companies the Employer owns or
controls (including but not limited to Still Eddie, Inc.), whether individually or collectively, and
the officers, directors, shareholders, members, managers, agents, and employees of any such
companies (referred to collectively as the "[Employer-Related Parties"),

(ii)    private and confidential matters concerning Kevin Knipfing,
Stephanieanna James-Knipfing and/or any of the Employer-Related Parties,

(iii)    financial, business, medical, legal and contractual matters of, or pertaining
to, Kevin Knipfing, Stephanieanna James-Knipfing, the Employer, and/or any of the Employer-
Related Parties,

(iv)    pe... ...pfing, Stephanieanna

(iv)    persons or business entities with whom Kevin Knipfing, Stephanieanna
James-Knipfing, the Employer, and/or any of the Employer-Related Parties have any past or
present legal, contractual, financial, professional or other business relationship; and

(v)    business records, personal records, letters, memoranda, faxes, e-mails,
contracts, photographs, films, videotapes, sound recordings, audio tracks or documents or other
writings, including any negatives, prints, or copies thereof, pertaining in any way to Kevin
Knipfing, Stephanieanna James-Knipfing, or any of the Employer-Related Parties.

Employee agrees that for purposes of this Agreement, references to "Kevin Knipfing"
and "Stephanieanna James-Knipfing" include references to both the private individuals so named

Dated:_____    By: _____
                                  Kevin Knipfing

"EMPLOYEE"

Dated: _1/31/18_    By: _____
                    Print Name: _Lidia M. Osorio_
                    Address: _45:08 Queens Blvd_
                    _Apart 3F_
                    Phone: _347- 435 1234 -_

# EXHIBIT 2

279

**EXHIBIT [03/18/2020] [4000171299]**

**OLD WESTBURY, LLC**   "Ghost - Corporation"
c/o Savitsky Satin Bacon & Bucci
2049 Century Park East, Suite 1400
Los Angeles, CA 90067

November 27, 2018

**VIA CERTIFIED MAIL & VIA EMAIL**

Lidia M. Orrego
95-08 Queens Boulevard, Apt. 3E
Rego Park, NY 11374

Ms. Lidia Orrego,

Old Westbury, LLC is ending your employment effective immediately.  This decision is based on several factors, including but not limited to:

1. Breach of your Non-Disclosure Agreement, such as;

    a. Recording a conversation with Rebeca Uzcategui in the presence of a member of the public, and

    b. Taking recordings and photographs of the Knipfing's home.

2. Your statement that you were unwilling to continue working with Rebeca Uzcategui.

3. Our conclusion that you made statements in your complaint that you know to be false.

Your payment of wages through today's date (November 27, 2018) will be paid on the regular payroll date and offset by the nineteen (19) hours you reported were paid incorrectly.

You have health insurance through United Healthcare and the termination of your health insurance is November 30, 2018.  You are eligible for COBRA Continuation Coverage and you will be contacted by the carrier directly.

Regards,

Steve Savitsky,
Business Manager, Old Westbury, LLC

SS/ew

279

# EXHIBIT 3

## 2018 W-2 and EARNINGS SUMMARY

**Employee Reference Copy**

**W-2** Wage and Tax Statement **2018**

Copy B to be filed with employee's income.

OMB No. 1545-0008

| d Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 0000000000 VHT | | ZMJQ | S    2782 |

c Employer's name, address, and ZIP code
OLD WESTBURY EDDIE LLC
2049 CENTURY PARK EAST #1400
LOS ANGELES, CA  90067
805-2129 S4/ZMJQ

e/f Employee's name, address, and ZIP code
LIDIA M ORREGO
95-08 QUEENS BLVD.  #3E
REGO PARK, NY  11374

This summary section is included with your W-2 to help describe this portion in more detail. The reverse side includes general information that you may also find helpful. The following reflects your final pay stub, plus any adjustments made by your employer.

| | | | |
|---|---|---|---|
| GROSS PAY | 97,111.95 | SOCIAL SECURITY TAX WITHHELD BOX 04 OF W-2 | 6,020.94 |
| FED. INCOME TAX WITHHELD BOX 02 OF W-2 | 18,310.02 | MEDICARE TAX WITHHELD BOX 06 OF W-2 | 1,408.12 |
| STATE INCOME TAX BOX 17 OF W-2 | 5,901.15 | SUI/SDI BOX 14 OF W-2 | 0.00 |
| LOCAL INCOME TAX BOX 19 OF W-2 | 3,722.59 | | |

# EXHIBIT 4

9 3 1 1 1 2 1 9 9 2
157

## WORKERS' COMPENSATION BOARD
### Bureau of Compliance

ENFORCEMENT UNIT
REPORT OF INVESTIGATION

Inv#: 2019-13141

| | |
|---|---|
| **Alleged Employer:** | KEVIN & STEPHANIEANNA<br>2 SPRING HILL LANE<br>OLD WESTBURY, NY 11568- |

| | |
|---|---|
| **Date:** 10/23/2018 | **WCB #:** G2584330 |
| **Investigation Request:** | Coverage Investigation |

### Report of Investigation

| | |
|---|---|
| **Entity (Including business address):** | |
| KEVIN & STEPHANIEANNA KNIPFING<br>2 SPRING HILL LANE<br>OLD WESTBURY, NY 11568- | |
| **Employer #:** | |
| **Principal(s):** | |
| **Coverage:** | |
| **Other POI Entities:** | |
| **License/Permit:** | |
| **Documents Submitted:** | |

**Report Details:**

As per request, a coverage and entity investigation was performed for this claim.  The claimant stated on her C-3 that she worked for the ER as a housekeeper/nanny when she became injured on the job.

On 10/4/19, a field visit was made to the ER's address. This is a luxury private gated community. The guard called the ER but there was no one home.

Upon returning to the office, I placed a phone call to Stephanieanna Knipfing (310-569-2458). There was no answer so I left a VM which to date has been ignored. On 10/28/19, I placed another phone call to the ER and left another VM which again has been ignored.  To date, I have not received a call back.

814110 - Private Households

| | | |
|---|---|---|
| **District Office:** | Hempstead | |
| **Investigator:** | Evelyn Mendez | |
| **Senior Investigator:** | Jonathan Tisk | **Date:** 11/04/2019 |

C-49.2
G2584330

1 of 1

# EXHIBIT 5

**OLD WESTBURY EDDIE, LLC**
c/o Savitsky, Satin, Bacon & Bucci
2049 Century Park East
Suite 1400
Los Angeles, CA 90067

February 27, 2018

Ms. Lidia Orrego
9508 Queens Blvd 3E
Rego Park, NY 11374

Dear Lidia:

We are pleased to confirm your offer of at-will employment with Old Westbury Eddie, LLC ("Employer"), effective February 19, 2018. You will be working as a New York-based Nanny/Housekeeper in the home of Kevin Knipfing (a/k/a/ Kevin James) and Steffiana de la Cruz. The purpose of this letter is to describe the primary terms and conditions of your at-will employment relationship.

Your regular hourly rate will be $30.00 per hour, with an expected workweek of 32 hours. You are a non-exempt employee, which means that you will be paid overtime premiums at a rate of 1.5 times your regular hourly rate for all hours you work in excess of 40 per work week. Although the nature of this position is that we cannot guarantee you an entirely predictable work schedule, your work week will generally be Tuesday through Friday: 3 p.m. to 9 p.m., and Saturday from 8 a.m. to 4 p.m., and you are expected to be present and available to work during this time at the Knipfing residence. You may be required to remain at the Knipfing residence past the end of your scheduled working time, to arrive earlier than your schedule work time, to perform work outside the scheduled work day, or to travel to perform your duties, and you will be paid for such time at your regular or overtime rate, as applicable, in accordance with state and federal law. You will generally receive 30 minutes of paid meal time between 11:00 AM and 2:00 PM, and 20 minutes of paid meal time between the hours of 5:00 PM and 7:00 PM for any workday that extends past 7:00 PM. You will also be eligible to elect medical coverage, effective March 1, 2018. Information about medical benefits will be provided under separate cover.

You will be required to prepare and submit an accurate record of your hours worked on a daily basis to the Employer's designee (Skylar Testa) showing all hours worked and including a description of any work performed outside of the regular workday (*e.g.*, evening childcare or other after hours work) so that the Employer is aware of any additional pay owed for overtime work. Generally, overtime should only be worked with the prior approval of the Employer's designee, though you should accurately record all hours worked on your timesheet, regardless of prior approval.

You will be paid on a weekly basis each Friday. If a Friday is a holiday, you will be paid on the business day preceding the holiday. All amounts of compensation paid to you shall be paid subject to applicable taxes and deductions.

The terms and conditions of your employment will be governed by this offer letter and by the Employer's various policies and procedures as may now exist and as may be introduced or amended from time to time, which will be provided to you under separate cover.

As a condition of your employment, you must complete, sign, and return the following documents no later than March 2, 2017:

1.    Mutual Agreement to Mediate/Arbitrate, a copy of which is attached hereto; and

2.    Personal Confidentiality Agreement, a copy of which is attached hereto.

Your employment is at will, and not for any specified period of time. Continuation of your employment is at the mutual consent of you and the Employer. This means that either you or the Employer may terminate the employment relationship at any time, with or without cause or advance notice. No promises, assurances or other conduct can modify this at-will employment relationship. You agree to return any electronic equipment, computer, cell phone, or other materials provided by the Employer and all information regarding Employer and/or the Knipfing Family that is subject to the Personal Confidentiality Agreement attached hereto to the Employer upon separation from employment.

This letter does not represent a contract of employment, nor does it include every condition of employment. This letter supersedes any prior written or verbal representations that may have been made to you. Please confirm your acceptance of this offer of at-will employment by signing the below and returning an executed copy to Steve Savitsky, Savitsky, Satin, Bacon & Bucci.

Very truly yours,

Steve Savitsky, Business Manager

As accepted and agreed:

_____
DATE

_____
EMPLOYEE

Enclosures

Page 2 of 2

# EXHIBIT 6

**WCBFOIL001ORREGO**



STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
PO Box 5205
Binghamton, NY 13902-5205
www.wcb.ny.gov

THIS AGENCY EMPLOYS AND SERVES
PEOPLE WITH DISABILITIES WITHOUT
DISCRIMINATION

CLARISSA M. RODRIGUEZ
CHAIR

Kevin & Stephanieanna Knipfing
2 Spring Hill Lane
Old Westbury, NY 11568

September 9, 2019

We have no record that you have complied with Section 50 of the Workers' Compensation Law, which provides that you must carry workers' compensation insurance for your employees

Demand is hereby made that you provide information with respect to such compliance on the date of accident below by furnishing the information below and returning the letter to the address indicated above. Please type or print clearly.

Under the provisions of Section 51 of the Workers' Compensation Law, your failure to furnish the requested information within ten days from the date hereof shall constitute presumptive evidence that you have not complied with Section 50 of the Workers' Compensation Law on the date of accident.

Complete Form C-2F "Employer's Report of Work-Related Injury/Illness" for the claimant named below and return it within 10 days. This form is available on the WCB website (www wcb ny gov) and can be accessed by clicking the "Forms" link. If you do not have access to the internet please call (877) 632-4996 or visit our nearest Customer Service Center to obtain a copy of the form. Section 110 of the Workers' Compensation Law requires you to report an injury within ten days after its occurrence or knowledge of the same. An employer who refuses or neglects to make a report as required by Section 110 shall be guilty of a misdemeanor, punishable by a fine of not more than $1,000. In addition, the Board or Chair may impose a penalty of not more than $2,500 upon an employer who refuses or neglects to make such a report

By INDEXING                                    Telephone No (800) 877-1373

1. Name of Insurance Company  NEW YORK MARINE AND GENERAL INSURANCE

   Address  412 MT. KEMBLE Ave #300C  Morristown NJ 07960

   Telephone No  800 774-2755    Board-assigned Carrier Identification No.: W_ _ _ _ _ _ _ _

2 The Number of the Policy  WC 201600012633

3 The Name of Insured on the Policy  Full Shimaee Inc  Kevin and Steph. Anna K.N.Ding

4. Effective Date  12-1-18 _____  Expiration Date  12-1-19 ____

   Signed _____    Date  9/16/19. ____

   Title _____  owner  _____    Telephone No  310-315-6200  ____

For employers with five or fewer employees, failure to comply with Section 50 of the Workers' Compensation Law is a misdemeanor punishable by a fine of not less than $1,000 nor more than $5,000. For employers with more than five employees, failure to comply with Section 50 of the Workers' Compensation Law is a class E felony, punishable by a fine of not less than $5,000 nor more than $50,000, and other penalties provided by law, including imprisonment for up to four years. The Char of the Board, upon finding that an employer has failed for a period of not less than ten consecutive days to make the provision for payment of compensation, may impose upon such employer, a penalty of one thousand dollars for each ten day period of non-compliance or a sum not in excess of two times the cost of compensation for its payroll for the period of such failure.

---

## Case Information

Claimant:  LIDIA ORREGO
WCB Case No.:  G-1558453X:
Date of Accident:  10/23/2018
Employer:

Social Security No.:
Carrier ID No.:
Carrier Case No.:
Insurance Carrier:

**WCBFOIL001ORREGO**

EC-79 (2-19)

PQR

**WORKERS' COMPENSATION BOARD**

F4642575

### State of New York - Workers' Compensation Board
# First Report of Injury    WCBFOIL002ORREGO
## Report Type (MTC) 04-Denial

*This paper contains information that has been provided electronically to the Board. Do not serve a copy of this on the Board.*

Pursuant to 12 NYCRR 300.22, this notice must be served on the claimant and his or her attorney or licensed representative, if any, within one business day of the date it is filed electronically with the chair.

**Employee Name**  Lidia  Orrego

**WCB Case Number (JCN)**  G2584330                          **Date of Injury**  10/23/2018

**Claim Administrator Claim Number**  18P05J084317          **Maintenance Type Code Date**  09/25/2019

**Claim Type**  M - Medical Only                             **WCB Received Date**  09/25/2019

### INSURER INFORMATION

**Insurer Name**  NEW YORK MARINE AND GENERAL       **FEIN**  xxxxx3894

**Insurer Type**  I - Insurer                        **Insurer ID**  W156665

### CLAIM ADMINISTRATOR INFORMATION

**Name**  Cannon Cochran Management Services, Inc.

**Info/Attn**

**Address**  4621 West Napoleon Ave, Suite 310

**City**  Metairie                              **State**  LA

**Postal Code**  70001-2483                       **Country**  US - UNITED STATES

**FEIN**  xxxxx7804                               **Claim Admin ID**  T100134

**Late Reason**

### FULL DENIAL REASONS

**Full Denial Effective Date**  09/23/2019

**Full Denial Reason**  1D - No Compensable Accident/Not in Course and Scope of Employment (Not Statutory Definition of Accident)

**Full Denial Reason**  1I - No Compensable Accident/Not in Course and Scope of Employment (Presumption of compensability, as defined by the jurisdiction, does not apply)

**Full Denial Reason**  2D - No Causal Relationship (No Medical Evidence of Injury)

**Full Denial Reason**  2E - No Causal Relationship (No Injury Per Statutory Definition)

**Full Denial Reason**  3A - No Coverage (No Employee/Employer Relationship)

**Denial Reason Narrative**
Per INSD, nothing reported to them. Nothing to indicate this claim is compensable. No PFME. No knowledge of injury per INSD. claim not reported timely

**WCBFOIL002ORREGO**

F4642575

## EMPLOYEE INFORMATION    WCBFOIL003ORREGO

| | | | |
|---|---|---|---|
| **First Name** | Lidia | **Middle Name/Initial** | |
| **Last Name** | Orrego | **Suffix** | |
| **Mailing Address** | 2049 Century Park E Ste 1400 | | |
| **City** | Los Angeles | **State** | CA |
| **Postal Code** | 90067 | **Country** | US - UNITED STATES |
| **Phone Number** | | **Gender** | F - Female |
| **Date of Birth** | | **Date of Hire** | |
| **Employee ID Type** | A - Employee ID Assigned by Jurisdiction | **Employee ID** | 999999LORREGO |
| **Occupation Description** | THEATRICAL PROD NOC - PLAYERS | | |

## CLAIM INFORMATION

| | | | |
|---|---|---|---|
| **Time of injury** | | **Date Employer Had Knowledge of the Injury** | 10/23/2018 |
| **Employment Status** | 1 - Regular/Full-time Employee | **Date Claim Administrator Had Knowledge of the Injury** | 09/19/2019 |
| **Wage Period** | 01 - Weekly | **Date Employer Had Knowledge of Date of Disability** | |
| **Estimated Wage** | $200.00 | **Number of Days Worked Per Week** | 5 |
| **Work Week Type** | | **Work Days Scheduled** (S-Scheduled N-Non Scheduled) | S M T W T F S |
| | | **Date of Denial Rescission** | |

### EMPLOYEE INJURY

| | | | |
|---|---|---|---|
| **Full Wages Paid for Date of Injury** | Yes | **Employer Paid Salary in Lieu of Compensation** | |
| **Death Result of Injury** | | **Date of Death** | **Number of Dependents** |
| **Nature of Injury** | 59 - All Other Specific Injuries, NOC | | |
| **Part of Body** | 65 - Insufficient Info to Properly Identify | | |
| **Cause of Injury** | 99 - Miscellaneous Causes - Other - Miscellaneous, NOC | | |
| **Type of Loss** | 01 - Traumatic Injury | | |
| **Accident/Injury Description** | | | |
| Unknown | | | |

### WORK STATUS

| | | |
|---|---|---|
| **Initial Date Last Day Worked** | | **Return To Work Type** |
| **Initial Date Disability Began** | | **Physical Restrictions** |
| **Initial Return to Work Date** | | WCBFOIL003ORREGO |
| | | **Return To Work Same Employer** |

FROI-04-R3 (1-14)                    Page 2 of 7                    www.wcb.ny.gov

F4842575

**WCBFOIL004ORREGO**

## ACCIDENT LOCATION AND WITNESSES

| | |
|---|---|
| **Premises** | E - Employer |
| **Organization Name** | |

| | | | |
|---|---|---|---|
| **Street** | 999 S. OYSTER BAY RD | **State** | NY |
| **City** | BETHPAGE | **Postal Code** | 11714 |
| **County/Parish** | Nassau - Nassau | **Country** | US - UNITED STATES |
| **Location Narrative** | | | |

**Witnesses**                    **Business Phone Number**

## MEDICAL TREATMENT

| | |
|---|---|
| **Initial Treatment** | 3 - Emergency Evaluation, Diagnostic Testing, and Medical Procedures |
| **Managed Care Org.** | |
| **Managed Care Org. ID** | |

## EMPLOYER INFORMATION

| | | | |
|---|---|---|---|
| **Name** | FULL SHIMMEE INC | **Employer FEIN** | xxxxx6057 |
| **Industry Code** | 711130 | **UI Number** | |
| **Manual Classification** | 9159 - Theatrical Production Noc-Players, Entertainers Or Musicians | | |
| **Info/Attn** | | | |
| **Mailing Address** | 999 S. OYSTER BAY RD | | |
| **City** | BETHPAGE | **State** | NY |
| **Postal Code** | 11714 | **Country** | US - UNITED STATES |
| **Physical Addr** | 999 S. OYSTER BAY RD | | |
| **City** | BETHPAGE | **State** | NY |
| **Postal Code** | 11714 | **Country** | US - UNITED STATES |
| **Contact Name** | | | |
| **Contact Business Phone Number** | | | |

**WCBFOIL004ORREGO**

F4642575

| | **INSURED INFORMATION** | **WCBFOIL005ORREGO** |
|---|---|---|

**Insured Name** _____    **Insured FEIN** _____

**Insured Type**    I - Insured    **Insured Location ID** _____

**Policy Number ID**    WC201700012633

**Policy Effective Date**    12/01/2017    **Policy Expiration Date** _____

**WCBFOIL005ORREGO**