| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>LIDIA M. ORREGO,<br><br>       Plaintiff,<br><br>  -against-<br><br>STEVE SAVITSKY, OLD WESTBURY LLC,<br>JOHN DOE, and JANE DOE,<br><br>       Defendants.<br>----------------------------------------------------------------X | For Electronic Publication Only<br><br><br>**MEMORANDUM & ORDER**<br>24-CV-7247 (JMA)(AYS)<br><br>**FILED**<br>**CLERK**<br>12/17/2024 11:20 am<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**JOAN M. AZRACK, United States District Judge:**

  Presently before the Court is *pro se* Plaintiff Lidia Orrego's application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)   As explained below, Plaintiff's financial status does not qualify her to commence this action without payment of the filing fee.   *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed IFP is DENIED.   Plaintiff is directed to pay the $405.00 filing fee by **January 30, 2025**, for this case to proceed.

  To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-CV-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024) (quoting *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010)). Determining whether an applicant qualifies for IFP status is within the discretion

of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion); *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (describing the "benefits" of granting district courts discretion for adjudicating IFP applications). The Court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that she is employed and earns monthly wages in the sum of $3,092 and that she has $1,556 "available for expenses." (IFP Mot., ECF No. 2 ¶¶ 2, 4.) Plaintiff also reports monthly expenses in the sum of $2,200 to care for two dependents and for rent. (*Id*. ¶¶ 6-7.) Although Plaintiff reports an "accumulated debt totaling USD 30,679" she has not provided her monthly payment of that sum; instead, she requests an "extension of time" to pay the Court's filing fee. (*Id*. ¶ 8.)

Given Plaintiff's reported savings, income, expenses, and accessibility to funds so long as she is afforded sufficient time to collect them, she is disqualified from IFP status. "If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)); *see also Wrenn v. Benson*, 490 U.S. 89, 90 n. 4 (1989) (*per curiam*) (denying leave to proceed *in forma pauperis* based on review of information contained in the supporting affidavit of indigency); *Fridman*, 195 F. Supp. 2d at 537 ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get . . . such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks

and citation omitted). **Accordingly, Plaintiff's motion to proceed IFP is DENIED and she is directed to pay the $405.00 filing fee by January 30, 2025, or the Complaint will be dismissed without prejudice**. Plaintiff is warned that there can be no refund of the filing fee, regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-CV-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("the law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action"). Accordingly, Plaintiff is encouraged to consult an attorney or to avail herself of the free legal resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School at the Courthouse. Plaintiff may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Plaintiff at her address of record and to note such mailing on the docket.

SO ORDERED.

Dated:   December 17, 2024
         Central Islip, New York

         /s/JMA
         Joan M. Azrack
         United States District Judge